IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FELICIA M. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 20-613-GCS |
| | ) |
| CHET SHAFFER, FRANKLIN | ) |
| COUNTY SHERIFF'S OFFICE, | ) |
| SHERIFF DAVID BARTONI, AND | ) |
| THE COUNTY OF FRANKLIN, | ) |
| ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

***DEFENDANT, THE COUNTY OF FRANKLIN, ILLINOIS', MOTION TO ENFORCE THE SETTLEMENT BETWEEN THE PLAINTIFF, FELICIA M. HILL, AND THE COUNTY OF FRANKLIN, ILLINOIS***

NOW Comes the Defendant, The County of Franklin, Illinois, by Bleyer and Bleyer, its attorneys, and for its Motion to Enforce the Settlement Between the Plaintiff, Felicia M. Hill, and The County of Franklin, Illinois, says:

1. The Plaintiff's initial Complaint filed herein was filed by Attorney G. Patrick Murphy naming The County of Franklin, Illinois as a Defendant in the captioned case as a result of the alleged allegations of misconduct by Chet Shaffer as to the Plaintiff, Felicia M. Hill.

2. Attached hereto is the Affidavit of Attorney Joseph A. Bleyer outlining the factual basis for which the Defendant is now seeking to enforce the settlement between the Plaintiff and The County of Franklin, Illinois.

3. Attorney Joseph A. Bleyer and Attorney G. Patrick Murphy first began negotiating the case with the initial settlement demand of $300,000.00 to settle any and all claims of Felicia M. Hill against The County of Franklin, Illinois to which The County of Franklin, Illinois offered $50,000.00.

4. On September 4, 2020, Attorney Joseph A. Bleyer, on behalf of The County of Franklin, Illinois, and Attorney G. Patrick Murphy, on behalf of the Plaintiff Felicia M. Hill, agreed to settle the case for the sum of $75,000.00. The terms of the settlement are set forth in the letter confirming the settlement as set forth in a letter from Joseph A. Bleyer to G. Patrick Murphy. A copy of the letter is attached hereto.

5. The Defendant, The County of Franklin, Illinois, agrees that the terms of the settlement were an oral representation between Attorney G. Patrick Murphy and Attorney Joseph A. Bleyer and the terms of the oral settlement were memorialized in the attached letter as Exhibit A. An oral settlement agreement is enforceable providing that the terms of the agreement are "reasonably certain" and reasonably ascertainable from the acts and words of the parties. *Taylor v. Gordon Flesch Company*, 793 F.2d 858, 862 (7th Cir. 1986)

6. It is clearly demonstrated that this Court can clearly determine the terms of the settlement from the attached letter.

7. Attorney G. Patrick Murphy indicated that the settlement was only as to the Plaintiff and The County of Franklin, Illinois and he intended to proceed with the claim against Chet Shaffer.

8.     Subsequent to the conversation and the settlement agreement reached on September 4, 2020, Attorney G. Patrick Murphy and Attorney Joseph A. Bleyer on September 14, 2020, participated in a Telephone Scheduling Conference with the Honorable Gilbert Sison.  Attorney Murphy represented to the Court during the telephone conference the case has been settled between The County of Franklin, Illinois and Felicia M. Hill.  Attorney G. Patrick Murphy requested that the Court conduct an In-Person Hearing, so that Attorney G. Patrick Murphy and the Court could impress upon Felicia M. Hill that there had been a settlement between Felicia M. Hill and The County of Franklin, Illinois.  The Court agreed with the request and the In-Person Hearing was scheduled on September 24, 2020.

9.     Following the Telephone Conference, this Court entered a Minute Entry memorializing the conversations and request for Hearing (Doc 27).

10.    Following the Hearing on September 14, 2020, Attorney Joseph A. Bleyer received the settlement draft and prepared a Release to be executed by Felicia M. Hill for the purpose of delivering the settlement draft and having the Release executed at the In-Person Hearing on September 24, 2020.  Attached as Exhibit B is a copy of the settlement draft and Release.

11.    Prior to the September 24, 2020, Hearing, Attorney G. Patrick Murphy was discharged and new Counsel appeared.

12.    The parties agree a written Release was not executed by Felicia M. Hill.  A written Release is not required nor a prerequisite in order to enforce an oral settlement.

*Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1986).  The Court in *Taylor* addressed the issue that an oral settlement may be enforced even when the parties fail to agree on an acceptable draft of the Release.

      13.    Plaintiff, Felicia M. Hill, apparently developed second thoughts after the settlement agreement entered into by her attorney and now desires to withdraw from the agreed settlement.  The Seventh Circuit has held on may occasions, an oral settlement agreement is enforceable if the terms of the settlement are clearly established.  The terms in this case are clearly established in the attached letter between Attorney Joseph A. Bleyer and Attorney G. Patrick Murphy.  A party to a settlement cannot avoid the agreement merely because he or she subsequently believes the settlement is insufficient.  *Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1986).

      14.    The Court of Appeals for the Seventh Circuit has issued a number of decisions enforcing oral settlement agreements.  The Court of Appeals for the Seventh Circuit Court has consistently held the Court must look at the Illinois Law in order to enforce an oral settlement.  The Seventh Circuit has held that oral settlement agreements are enforceable under Illinois Law if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement".  Judge Sykes in *Dillard v. Starcon International Incorporated*, 483 F.3d 502 (7th Cir. 2007), stated as follows:

> Oral settlement agreements are enforceable under Illinois law if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement."
> *Wilson,* 46 F.3d at 666 (quoting *Brewer v. Nat'l R.R. Corp.,*

>256 Ill.App.3d 1083, 194 Ill.Dec. 834, 628 N.E.2d 331, 335 (1993)). The essential terms must be "definite and certain" so that a court can ascertain the parties' agreement from the stated terms and provisions. *Quinlan v. Stouffe*, 355 Ill.App.3d 830, 291 Ill.Dec. 305, 823 N.E.2d 597, 603 (2005). Whether a "meeting of the minds" occurred depends on the parties' objective conduct, not their subjective beliefs. *Paxton–Buckley–Loda Educ. Ass'n, IEA–NEA v. Ill. Educ. Labor Relations Bd.,* 304 Ill.App.3d 343, 237 Ill.Dec. 908, 710 N.E.2d 538, 544 (1999)

15. The Plaintiff herein may claim all the terms of the settlement were not set forth in the memorialization letter between Attorney Bleyer and Attorney Murphy, but the Courts in Illinois have declared that every feasible contingency which might be raised in the future need not be provided for in a contract for the agreement to be enforceable. *Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill.App.3d 890, 773 N.E.2d 1277, 266 Ill.Dec. 207 (5th Dist. 2002)

16. Attorney G. Patrick Murphy is bound by the Code of Ethics regarding any specific conversations with the Plaintiff; but it is clear that the memorialization of an oral settlement between the parties herein is enforceable under the Laws of Illinois.

17. The Defendant herein is requesting that an Order be entered enforcing the settlement between the Plaintiff, Felicia M. Hill, and the Defendant, The County of Franklin, Illinois, for the sum of $75,000.00. If the Court needs to consider evidence, this Court should schedule the case for an In-Person Hearing so that Attorney G. Patrick Murphy may be called to the stand to testify regarding the settlement and be subject to cross-examination by Felicia M. Hill's new Counsel as to the recollection and the oral

agreement which was entered into between the Plaintiff and The County of Franklin, Illinois.

18. As set forth herein, the Plaintiff should not be allowed to have buyer's remorse and fire her attorney because she subsequently was not pleased with the terms of the agreed upon settlement. If this procedure is allowed, a settlement could never be agreed upon and the Court System would grind to a halt if a Plaintiff is allowed to withdraw from the settlement because of second guessing her own judgment in settling the case and firing her Attorney.

WHEREFORE, the Defendant, The County of Franklin, Illinois, prays this Court enter an Order enforcing the terms of the settlement as set forth in the memorialization of the agreement between Attorney Joseph A. Bleyer and Attorney G. Patrick Murphy and/or in the alternative, schedule the matter for an Evidentiary Hearing to allow both sides and the Court to cross-examine Attorney G. Patrick Murphy regarding the Plaintiff's agreement to the settlement without invading the Attorney Client Privilege.

                                                    BLEYER and BLEYER

                                                    S/Joseph A. Bleyer
                                                    Attorney Registration No. 6193192
                                                    Attorneys for Defendant,
                                                    The County of Franklin, Illinois

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:  (618) 997-1331
Fax:         (618) 997-6559
e-mail:     *jableyer@bleyerlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, I electronically filed a Motion to Enforce the Settlement Between the Plaintiff, Felicia M. Hill, and The County of Franklin, Illinois on behalf of The County of Franklin, Illinois, with the Clerk of the court using CM/ECF System which will send notifications of such filing to the following:

>MEGAN O'CONNER
>SHAWN W. BARNETT
>HALE & MONICO
>53 WEST JACKSON, SUITE 337
>CHICAGO, IL 60604
>mso@halemonico.com
>sbarnett@halemonico.com
>
>TERRY M. GREEN
>ATTORNEY AT LAW
>1209 EAST MAIN STREET, SUITE A
>WEST FRANKFORT, IL 62896-1506
>terrymgreenattorney@mchsi.com

I hereby certify that on July 14, 2021, I mailed by United States Postal Service, the documents to the following nonregistered participants:

>None

S/Joseph A. Bleyer

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:  (618) 997-1331
Fax:  (618) 997-6559
e-mail:  *jableyer@bleyerlaw.com*