**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Felicia M. Hill, | ) | |
| | ) | Case No. 20 CV 613 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Chet Shaffer, Franklin County Sheriff's | ) | |
| Office, Sheriff David Bartoni, and the County of | ) | |
| Franklin, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

Plaintiff Felicia M. Hill, through her attorneys Hale & Monico, responds to Defendant's Motion to Enforce Settlement (*Docket No. 56*) and states as follows:

## Introduction

Defendant Franklin County seeks to enforce an alleged oral settlement agreement they claim was made between Franklin County and Plaintiff Felicia Hill's former civil attorney. However, Plaintiff was not a party to those conversations and was not made aware of – let alone acquiesced to – any of the terms or conditions of any proposed settlement agreement. Importantly, at no time did Plaintiff manifest an intent to be bound by any settlement agreement either through her actions or statements. Because there was no meeting of the minds regarding the essential terms of any proposed agreement, the Court should deny Defendant Franklin County's motion to enforce settlement.

## Facts

Following her brutal sexual assault by Defendant Chet Shaffer, Plaintiff retained the law firm of Lawler Brown to represent her. *Affidavit of Felicia Hill* (Exhibit "A") at ¶ 2. She became aware

1

that one of the attorneys representing the defendants wanted to discuss potential settlement. *Id.* at ¶ 3. On September 6, 2020, Plaintiff terminated her relationship with the law firm of Lawler Brown. *Id.* at ¶ 4.

At no time did Plaintiff speak to Attorney G. Patrick Murphy about settlement nor were any of the terms or the scope of any potential settlement relayed and explained to her. *Id.* at ¶¶ 6, 7. Further, at no time was Plaintiff provided with any proposed settlement agreement that outlined the terms to which would have to agree to settle the case. *Id.* at ¶ 9.

Importantly, at no time did Plaintiff sign any settlement agreement, *id.* at ¶ 8, nor did she make any statement on the record indicating that she had accepted any settlement offer.

## Legal Standard

Whether a settlement contract is binding, even if directed toward a purely federal claim, is an issue governed by the law of the state in which the agreement is alleged to have occurred. *See Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Here, Illinois law governs.

While oral settlement agreements are enforceable under Illinois law, there must be shown that "there is clearly and offer an acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). A meeting of the minds between the parties will occur where there has been assent to the same things in the same sense on all essential terms and conditions. *Pritchett v. Asbestos Claims Management Corp.*, 332 Ill.App.3d 890, 896 (5th Dist. 2002). The essential terms of the agreement must be "definite and certain" so that a court can ascertain the parties' agreement from the stated terms and provisions. *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (Ill. App. Ct. 2005). Illinois follows the objective theory of intent whereby the written records of the parties' actions – rather than their

subjective mental processes – drive the inquiry. *Beverly v. Abbott Labs*, 817 F.3d 328, 333 (7th Cir. 2016).

As the party seeking to enforce a settlement agreement, Franklin County bears the sole burden of establishing that there was an offer, acceptance, and mutual assent to all of its material terms. *See Kemp v. Bridgestone/Firestone, Inc.*, 253 Ill.App.3d 858, 625 N.E. 905, 909 (Ill. App. Ct. 1993); *also Hyde Park Union Church v. Curry*, 942 F.Supp. 360, 363-64 (N.D.Ill. 1996).

## Argument

It is apparent that there was no oral agreement to settle this litigation between Plaintiff and Defendant Franklin County. While Mr. G. Patrick Murphy and Mr. Joseph A. Bleyer may have discussed settlement, there is no evidence presented by Franklin County that any settlement was actually struck that included a meeting of the minds as to the essential terms of the agreement. Because Defendant Franklin County has not met their burden to show an enforceable oral agreement was reached with Plaintiff, the Court should deny their motion.

I. There is no evidence that Attorney Murphy agreed to the settlement as Mr. Bleyer's correspondence is only a one-way communication that was not adopted by Mr. Murphy.

As the party seeking to enforce the settlement, Franklin County needed to conclusively establish that there was, in fact, an offer and acceptance. *See Kemp*, 625 N.E. at 909; *also Hyde Park*, 942 F.Supp. at 363-64. Here, the only evidence offered by Franklin County that any acceptance occurred is a unilateral correspondence dated September 9, 2020 in which Attorney Bleyer claims that the case settled: there is no response by Attorney Murphy agreeing to that summary nor any written response at all. Similarly, there is nothing offered by Franklin County to establish that either Plaintiff or her former counsel received or agreed to the proposed settlement agreement (*Dkt. No. 56-3*). Indeed, nowhere in Attorney Bleyer's affidavit does it assert that the

documents in *Dkt. No. 56-3* were ever provided to Plaintiff or her former counsel. *See Dkt. No. 56-1*.

Franklin County does assert that Attorney Murphy and Attorney Bleyer represented that a settlement had been reached during a telephone conference on September 14 (although, curiously, no transcript was included in their motion and the minute entry is devoid of any mention of settlement) but any assertion made by Attorney Murphy is not binding on Plaintiff as she had terminated their attorney-client relationship and retained new counsel, a fact she made clear to her former attorney on September 6, which is well-before the September 14 telephone hearing.

Simply put, other than a unilateral email, Defendant Franklin County has not shown that there was an offer extended to Plaintiff and a clear acceptance by Plaintiff. For that reason, the Court should deny Defendant Franklin County's motion.

II. <u>There was no meeting of the minds over the "essential terms" of any agreement.</u>

For contracts to be enforceable under Illinois law, the terms of the agreement must be definite, and the parties must manifest an intent to be bound by the agreement. *See Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 CV 4462, 2014 WL 4724387, at *4 (N.D.Ill. Sept. 23, 2014) (collecting cases). "Illinois follows the objective theory of intent, whereby the court looks first to the written agreement and not to the parties' subjective understandings." *Hampton v. Ford Motor Co.,* 561 F.3d 709, 714 (7th Cir.2009). "Secret hopes and wishes count for nothing. The status of a document as a contract depends on what the parties express to each other and to the world, not on what they keep to themselves." *Newkirk v. Vill. of Steger,* 536 F.3d 771, 774 (7th Cir.2008). To determine whether there was a binding contract, the court must examine the parties' writing to see whether it "include[s] all terms essential to the deal and manifest[s] the parties' mutual intent to be bound by those terms." Ocean Atlantic Development Corp. v. Aurora Christian Schools, Inc., 322

4

F.3d 983, 996 (7th Cir. 2003). In other words, the enforceability of a putative contract is conditioned on two predicates: "a sufficiently concrete expression of the essential terms of the agreement, as well as an intent to be bound by the agreement." *Id.* At 995.

Here, Franklin County brings forth *no* evidence that Plaintiff or her counsel were made aware of the essential terms of the agreement, let alone that Plaintiff manifested an intent to be bound by that same. Indeed, the entirety of Franklin County's argument rests on their belief that the September 8, 2020 correspondence – actually sent on September 9 – and consisting on six sentences was "a sufficiently concrete expression of the essential terms of the agreement[.]" *Ocean Atlantic*, 322 F.3d at 995. However, the only terms expressed in this September 9 correspondence are the sum: nothing about the scope of any release of claims, nothing about the scope of any release of any parties, and nothing about the payment of any medical expenses.

Whether a "meeting of the minds" occurred depends on the parties' objective conduct, not their subjective beliefs. *Paxton-Buckley-Loda Educ. Ass'n, IES-NEA c. Ill. Educ. Labor Relations Bd.*, 304 Ill.App.3d 343, 350 (1999). Here, the objective conduct was that on September 6, 2020, Plaintiff terminated her relationship with her former counsel and stated that she had never agreed to any proposed settlement. She had never been made aware of any terms of the proposed settlement and, at no time, had she stated she accepted those terms. Furthermore, neither did her former attorney – there is no evidence presented by Franklin County that Attorney Murphy accepted Attorney Bleyer's unilateral email as an accurate summary of their conversation nor is there any evidence presented by Franklin County that Attorney Murphy (or, more importantly, Plaintiff) agreed to any of the terms outlined in the proposed settlement agreement that appears to have been drafted more than two weeks after Plaintiff fired her former counsel. *See Dkt. 56-3.*

In short, there is no evidence submitted by Franklin County that any of the essential terms of a proposed settlement were even discussed, let alone agreed upon by Plaintiff. Contrary to Franklin County's assertion, one party does not get to dictate the terms of a proposed settlement agreement and force another party to be bound by them when there is no evidence those terms were even discussed.

## Conclusion

At no time did Plaintiff agree to accept Franklin County's settlement offer and agree to all material and essential terms of a proposed settlement agreement that she never saw. While Franklin County may have had a subjective belief that this matter had settled, it is the objective actions that count and Franklin County has not met their burden to show that either Plaintiff or her former attorney accepted the essential terms in a proposed settlement agreement that was drafted after Plaintiff fired her former attorney. For those reasons, the Court should deny Franklin County's motion to enforce a settlement agreement.

                                                        Respectfully submitted,

                                                        */s/ Shawn W. Barnett*
                                                        Attorney No. 6312312

**HALE & MONICO**
Shawn W. Barnett
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
(312) 870-6905

## **Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*
