**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Felicia M. Hill, ) | |
| ) | Case No. 20 CV 613 |
| Plaintiff, ) | |
| ) | Magistrate Judge Sison |
| v. ) | |
| ) | |
| Chet Shaffer, Franklin County Sheriff's ) | |
| Office, Sheriff David Bartoni, and the County of ) | |
| Franklin, Illinois, ) | |
| ) | |
| Defendants. ) | |

### Plaintiff's Response to Defendant County of Franklin's Motion to Dismiss

Felicia M. Hill, through her attorneys Hale & Monico, submits her Response to Defendant County of Franklin, Illinois's motion to dismiss Count VII (*Docket No. 40*) and states:

### Introduction

Plaintiff Felicia Hill was held at gunpoint and brutally sexually assaulted by Defendant Chet Shaffer, a Franklin County Sheriff's Office employee when Defendant Shaffer was transporting Plaintiff to a correctional institution. Defendant County asks this Court to dismiss one Count of Plaintiff's Amended Complaint (*Docket No. 40*). The Court should deny this request as Illinois law mandates that public entities – such as Defendant County – are statutorily required to indemnify public employees for acts or omissions committed within the scope of their employment. Given the posture of the case, the Court should not find as a matter of law that Defendant Shaffer acted outside the scope of his employment when he sexually assaulted Plaintiff while he was on duty, driving a sheriff's office vehicle, wearing a uniform and badge, and armed with a department-issued firearm.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Doe v. City of Chicago*, No. 19 C 7375, 2020 WL 1675639, at *1 (N.D. Ill. Apr. 6, 2020); *Doe v. Roe*, No. 12 C 9213, 2013 WL 2421771, at *2 (N.D. Ill. June 3, 2013).

**Argument**

Plaintiff is the innocent victim of a sexual assault perpetrated by Defendant Shaffer, who used his position as a Franklin County Sheriff's Officer to rape Plaintiff at gunpoint while transporting her to a correctional facility. *See, generally Amended Complaint* (*Docket No. 39*). Shaffer has since been criminally charged for this rape and others. *Id.* at ¶ 36.

As a result of this vicious misconduct, Plaintiff brings the following claims against Defendants:

- Count I – Section 1983 Fourth Amendment claim against Defendant Shaffer
- Count II – Section 1983 Fourteenth Amendment claim against Defendant Shaffer
- Count III – Section 1983 *Monell* claim against Defendant Franklin County Sheriff's Office and Defendant Sheriff
- Count IV – Illinois state law claim of civil battery against Defendant Shaffer and Defendant Franklin County Sheriff's Office
- Count V - Illinois state law claim of Intentional Infliction of Emotional Distress against Defendant Shaffer and Defendant Franklin County Sheriff's Office
- Count VI - Illinois state law claim of negligent supervision, retention, and training against Defendant Franklin County Sheriff's Office
- Count VII – Illinois state law claim of indemnification against Defendant Franklin County

Defendant Franklin County moves solely to dismiss Count VII of the Amended Complaint, with their sole argument being that Defendant Shaffer was not acting within the scope of his employment during the relevant time. *Docket No. 40*.[1] Defendant County further includes an allegation that they had previously agreed to settle this matter with Plaintiff, but provide no support for this claim.

I. **Defendant County is required to indemnify any county employees who acted within the scope of their employment and, since there are claims against County employees when they acted within the scope of their employment, the Court should deny Defendant County's motion to dismiss Count VII.**

The Illinois Tort Immunity Act holds that public entities are required to indemnify any public employee for a judgment based on any claim or action arising from an injury arising out of an act or omission by the employee that occurred within the scope of their employment with the public entity. 745 ILCS 10/2-302; 745 ILCS 10/9-102. Defendant County argues that it is not liable for the acts of Defendant Shaffer since he acted outside the scope of his employment. *Docket No. 40*. Defendant County is wrong and the Court should deny the motion to dismiss.

However, Defendant County fails to realize that Count VII is not just limited to the claims directed against Defendant Shaffer. On the contrary, "Franklin County is required to indemnify the Franklin County Sheriff's Office for any judgment against a sheriff or sheriff's deputy for acts of omissions done within the scope of their employment." *Amended Complaint* at ¶ 76. And Plaintiff's prayer for relief requests that "Franklin County be required to indemnify Defendant Shaffer, Defendant Franklin County Sheriff's Office and Defendant Sheriff for any award of compensatory damages, attorneys' fees, and costs." *Id.*

---

[1] At least, that is Plaintiff's interpretation of Defendant Franklin County's motion.

> A. *Franklin County can be required to indemnify Defendant Shaffer for the claims brought against the Individual Defendant.*

Defendant County's sole argument that Shaffer acted outside his employment is the County's assertion that sexual misconduct has no relationship to the employer's business. *Docket No. 65*.

As an initial matter, "[b]ecause scope of employment is a fact-intensive issue, Illinois courts have held that it is generally inappropriate to resolve this issue at the motion to dismiss or summary judgment stage." *Doe v. Clavijo*, 72 F.Supp.3d 910, 914 (N.D.Ill. 2014) ("*Clavijo*") (*citing. Bagent v. Blessing Care Corp.*, 224 Ill.2d 154, 165). "Only if no reasonable person could conclude from the evidence the employee was acting within the course of employment should a court hold as matter of law that the employee was not so acting." *Bagent*, 224 Ill.2d at 165.

To fall within the scope of employment, an employee's acts must be: (a) the kind for which the employee is employed to perform; (b) substantially within the authorized time and space limits; and (c) actuated, at least in part, by a purpose to serve the employer. *Bagent*, 224 Ill.2d at 165. Notably, the liability for the employer "extends to the negligent, willful, malicious, or even criminal acts of [the] employees when such acts are committed within the scope of the employment." *Id.* at 163-64.

"The Illinois Supreme Court has yet to determine whether or not a sexual assault committed by a law enforcement officer while on duty falls within the scope of employment." *Doe v. St. Clair County*, 18 CV 380, 2018 WL 3819102, at *4 (S.D.Ill. Aug. 10, 2018) (Yandle. J.); *see also Clavijo*, 72 F.Supp.3d at 914. However, the Seventh Circuit has opined that, sexual assault may be within the scope of employment for law enforcement officers.

In *Doe v. City of Chicago*, the Seventh Circuit noted that "[t]he proposition that scope of employment should be interpreted more broadly when the employee is a police officer has yet to be considered by the Supreme Court of Illinois, but it has a footing in other jurisdictions and may

4

well be the wave of the future." 360 F.3d 667, 671 (7th Cir. 2004) (*collecting cases*). The situation of a law enforcement officer is "significantly different" from other employees because a law enforcement officer "is an authority figure trained to develop and project an intimidating aura, and may seem to be above the law." *Id.* Given this, a law enforcement officer is "inescapably a dangerous instrumentality." *Id.* In the end, the Seventh Circuit remanded the case back to the district court to allow for a fully developed record and further stated "[w]e have warned repeatedly against trying to resolve indemnity before liability." *Id.* at 672.

Numerous courts have followed the reasoning as stated by the Seventh Circuit in *Doe v City of Chicago*. Most recently, in *Doe v. St. Clair County*, a woman was sexually assaulted by a law enforcement officer following a traffic stop. 2018 WL 3819102, at *1. In denying a motion to dismiss on scope of employment, the district court found that since the officer was on duty, driving his patrol vehicle, wearing his unform and badge, and carrying his department-issued weapon during the sexual assault of the plaintiff, a reasonable person could conclude the defendant officer acted within the scope of his employment. *Id.* at *4. Likewise, in *Doe v. Roe*, the court declined to grant a motion to dismiss on scope of employment in a sexual assault case brought against a law enforcement officer. 2013 WL 2421771, at *4-5 (June 3, 2013). The *Doe v. Roe* court reasoned that a reasonable person could conclude the law enforcement officer acted within the scope of his employment when he stopped the victim while on duty, was driving a police vehicle, was wearing his uniform and badge, was carrying his department-issued weapon, and used police resources to run a name check on Doe's identification. *Id.* So too was the outcome in *Doe v. Clavijo* where the court denied a motion for judgment on the pleading for claim arising by sexual assaults by police officers who were on duty, in a police vehicle, wearing their uniforms, and carrying their weapons. 72 F.Supp.3d 910, 915-16. Other courts had reached similar conclusions. *See Doe v. Lee*, 943

F.Supp.2d 870, 880 (N.D.Ill. 2013) (denying motion for summary judgment on plaintiff's *respondeat superior* and indemnification claims arising from sexual assault by park department officer); *Arias v. Allegretti*, No. 05 CV 5940, 2008 WL 191185, at *5-6 (N.D.Ill. 2008).

The Court should be persuaded by its fellow district courts and decline to find, at the motion to dismiss stage, that no reasonable person could determine Defendant Shaffer's conduct was outside the scope of his employment. During his sexual assault of Plaintiff, Defendant Shaffer was on duty, driving a Franklin County Sheriff's Office vehicle, in uniform with a badge, and carrying a duty weapon.[2] He used his role as a Sheriff's Office employee to get Plaintiff alone in the transport vehicle, drive Plaintiff to his home, pointed his firearm at Plaintiff, raped her, and then used his authority and role as a law enforcement officer to threaten Plaintiff's life. *Amended Complaint* at ¶¶ 20-29. He then transported Plaintiff to the other correctional facility. *Id.* at ¶ 30.

If Defendant Shaffer had not been acting within the scope of his employment, he was not have been the correctional officer transporting Plaintiff to the other facility and this rape would not have occurred. A reasonable person could conclude that Defendant Shaffer was acting within the scope of his employment and the Court should deny Defendant County's motion to dismiss.

B. *Franklin County is responsible to indemnify the claims brought against Defendant Shaffer, the Franklin County Sheriff's Office, and the Defendant Sheriff separate and apartment from the sexual assault itself.*

Even if this Court was inclined to find that Defendant Shaffer's rape of Plaintiff was outside the scope of his employment, Defendant County can still be liable under the indemnification section of the Tort Immunity Act. As stated above, Count VII requests that Defendant County be required to indemnify "Defendant Shaffer, Defendant Franklin County Sheriff's Office, and

---

[2] Plaintiff hereby includes this allegation in addition to those in the Amended Complaint. A nonmovant is free to assert new facts in a response to a motion to dismiss. *E.g. Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Defendant Sheriff for any award of compensatory damages, attorneys' fees, and costs." *Amended Complaint 39*.

Putting aside the sexual assault itself, Defendant Shaffer still (1) pointed his firearm at Plaintiff while she was in his custody and (2) threatened Plaintiff's life. *Amended Complaint* at ¶ 24, 29 37-41, 64-68. Defendant County makes no argument that these specific acts of misconduct are outside the scope of Shaffer's employment and the Court should not be inclined to make Defendant's argument for them.

Further, Defendant County provides no basis as to why it should not be required to indemnify Defendant Franklin County Sheriff's Office or Defendant Sheriff for the claims against them. *See, Amended Complaint* at ¶¶ 46-59 (Count III – *Monell* claim against Sheriff's Office and Sheriff), ¶¶ 60-63 (Count IV – civil battery against Sheriff's Office), ¶¶ 64-69 (Count V – IIED against Sheriff's Office), ¶¶ 70-73. (Count VI – negligent supervision, retention, and training against Sheriff's Office). Because Defendant County failed to put forth any argument as to why it is not liable to indemnify the Sheriff's Office or Sheriff for those claims, the Court should deny the motion to dismiss Count VII as to those defendants.

## Conclusion

For the reasons discussed above, the Court should deny Defendant County's motion to dismiss the indemnification claim.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Attorney No. 6312312

**HALE & MONICO**
Shawn W. Barnett
Megan O'Conner
53 W. Jackson, Suite 337

Chicago, IL 60604
HaleMonico.com
(312) 341-9646

## Certificate of Service

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*