UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FELICIA M. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-00613-GCS |
| CHET L. SHAFFER, FRANKLIN | ) |
| COUNTY SHERIFF'S OFFICE, | ) |
| SHERIFF DAVID BARTONI, AND | ) |
| THE COUNTY OF FRANKLIN, | ) |
| ILLINOIS. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Defendant County of Franklin, Illinois's ("Franklin County") motion to dismiss Count VII of Plaintiff's First Amended Complaint ("Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (Doc. 65). In Count VII of the First Amended Complaint, Plaintiff Felicia M. Hill requests Franklin County be required to indemnify Defendant Shaffer, Defendant Franklin County Sheriff's Office, and Defendant Sheriff for any award of compensatory damages, attorneys' fees, and costs. (Doc. 39). Defendant Franklin County contends that it is immune from liability pursuant to 745 ILL. COMP. STAT. § 10/9-102 because Defendant Chet Shaffer's actions, as described in the allegations of Plaintiff's First Amended Complaint, were not done so in furtherance of Franklin County's business activities. (Doc. 65). Plaintiff opposes the motion. (Doc. 69). For the

reasons delineated below, the Defendant's motion to dismiss Count VII of Plaintiff's First Amended Complaint is **DENIED.**

## BACKGROUND

On June 24, 2020, Plaintiff filed a three-count complaint against Chet L. Shaffer and Franklin County. (Doc. 1). Plaintiff alleges that on August 5, 2019, she was raped by Shaffer, who was a correctional officer at the Franklin County jail. Plaintiff alleges that the rape occurred while she was handcuffed and shackled and when she was in the custody of the Franklin County jail. *Id.* On January 15, 2021, Plaintiff filed a motion for leave to file a First Amended Complaint. (Doc. 37). On February 1, 2021, the Court granted the motion as Defendants did not file an objection. (Doc. 38). Plaintiff filed her First Amended Complaint that same day. (Doc. 39). On February 16, 2021, Franklin County filed a motion to dismiss. (Doc. 40). Plaintiff filed a response in opposition to the motion on March 22, 2021. (Doc. 41).

On April 9, 2021, Franklin County filed a motion for leave to file a motion to enforce settlement. (Doc. 42). Plaintiff filed her response in opposition on April 23, 2021. (Doc. 48). Thereafter, the Court set the matter for a status conference. (Doc. 50). A hearing on the motion was held on June 11, 2021. (Doc. 55). During the hearing, the Court granted the motion for an extension of time to file a motion to enforce settlement, stayed the deadline to file a responsive pleading to the First Amended Complaint, and denied the pending motion to dismiss until the resolution of the motion to enforce settlement could be resolved. *Id.*

On July 14, 2021, Franklin County filed the motion to enforce settlement. (Doc. 56). Plaintiff filed her response in opposition on August 8, 2021. (Doc. 59). Franklin County filed a reply in support on August 25, 2021. (Doc. 60). On February 3, 2022, the Court denied Franklin County's motion to enforce settlement. (Doc. 62). The Court granted Defendants up to and including February 24, 2022, to file a response to the First Amended Complaint. *Id.* On February 24, 2022, Franklin County re-filed its motion to dismiss Count VII of the First Amended Complaint. (Doc. 65). Plaintiff filed her opposition on March 18, 2022. (Doc. 69). As the motion is ripe, the Court now turns to address the merits.

### LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

ANALYSIS

Defendant Franklin County contends that it is immune under the Illinois Tort Immunity Act for allegations contained in Count VII of the Plaintiff's First Amended Complaint, and therefore, it should not be held liable for payments, judgments, settlements, and the compromise or settlement of claims of any judgment that may be entered herein against Defendant Chet Shaffer. (Doc. 65). Count VII of Plaintiff First Amended Complaint clarified and amended her claim against Franklin County. (Doc. 39). Pursuant to the Tort Immunity Act, 745 ILL. COMP. STAT. § 10/9-102, Plaintiff seeks indemnification against Franklin County in Count VII of the First Amended Complaint for the alleged sexual misconduct of Defendant Shaffer. *Id.* The Illinois Tort Immunity Act provides as follows:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILL. COMP. STAT. § 10/9-102.

Franklin County argues that it should not be held liable for Defendant Shaffer's actions under the Tort Immunity Act because Defendant was not acting "within the scope of his employment" when he sexually assaulted Plaintiff. (Doc. 65). Franklin County cites to a Seventh Circuit case, *McPherson v. City of Waukegan*, which has interpreted 745 ILL. COMP. STAT. § 10/9-102 as noting that "[a]n employer is generally liable for an intentional tort committed by an employee only when the tort was in furtherance of his employment,

'that is, only if the employee's motive, or at least a motive, in committing the tort was to serve his employer.'" *McPherson v. City of Waukegan*, 379 F.3d 430, 443-444 (7th Cir. 2004)(quoting *Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004)). Franklin County further notes that the Court's decision in *McPherson* heavily relied on an Illinois Appellate Court Opinion in *Webb by Harris v. Jewel Companies Inc.*, 485 N.E.2d 409 (Ill. App. Ct. 1st Dist. 1985). Defendant contends that the facts of *Webb* are similar to the allegations of this case, as found in Count VII of the Plaintiff's First Amended Complaint. (Doc. 65). In *Webb*, a minor sued Jewel Companies as the result of allegations that a Jewel security guard stopped the minor and, in the course of searching her, sexually molested her. *Webb*, 485 N.E.2d at 410. The court held that allegations involving sexual molestation had no relationship to the business of the employer. *Id.* at 412.

Additionally, the *McPherson* Court's decision also relied heavily on *Dorsey v. Givens*, 209 F. Supp.2d 850 (N.D. Ill. 2001). In *Dorsey*, a former county jail inmate sued alleging improper sexual touching by an officer. *Id.* Ultimately, that Court held, "under Illinois law, the officer's alleged sexual misconduct was not within the scope of employment, and thus the inmate was not entitled to indemnification from the Sheriff in a case of judgment against him." *Id.* Based on this precedent, Franklin County rests its argument on the sole fact that Defendant Shaffer acted outside the scope of his employment because his sexual misconduct had no relationship to the employer's business. (Doc. 69).

Conversely, Plaintiff argues that Franklin County can, and should, be held liable under the Illinois Tort Immunity Act for Defendant Shaffer's actions because he was acting within the scope of his employment when he sexually assaulted her, thus stating a valid claim for which relief can be granted in Count VII against Defendant. (Doc. 69). Specifically, Plaintiff relies on *Doe v. St. Clair County*, No. 18-CV-380-SMY-SCW, 2018 WL 3819102 (S.D. Ill. Aug. 10, 2018). In that case, Plaintiff brought an action against the St. Clair County Sheriff and Deputy Sheriff, asserting an indemnification claim under the Illinois Tort Immunity Act. *Id.* at *1. The County moved to dismiss Plaintiff's indemnification count on the basis that it had no duty indemnify for any judgment because sexual misconduct did not fall within the scope of his employment. *Id.* at *2. The district court, however, denied the motion rejecting the County's argument that sexual assault by a police officer is always outside the scope of employment. *Id.* at *3-4.

The Illinois Supreme Court has yet to determine whether sexual assault committed by a law enforcement officer while on duty falls within the scope of employment. However, the Seventh Circuit suggested that the scope of employment should be interpreted more broadly when the employee is a police officer. *See Doe v. City of Chicago*, 360 F.3d. 667, 671 (7th Cir. 2004). Moreover, "[n]umerous district court have also found the scope of employment is a fact-intensive issue that is usually inappropriate for summary judgment, let alone a motion to dismiss." *St. Clair County*, 2018 WL 3819102, at *4.

Nevertheless, more recently, an Illinois Appellate Court gave negative treatment to *Doe v. St. Clair County*, in *Powell v. City of Chicago,* No. 1-19-2145, 2021 IL App. (1st) 192145 (Ill. App. Ct. 1st Dist. June 24, 2021), appeal denied, 175 N.E.3d 117 (Ill. 2021). In *Powell*, the Plaintiff cited several cases which found that sexual assault by a police officer could be within the scope of his employment, including *Doe v. St. Clair County*, amongst others. *Id.* However, the *Powell* Court was unmoved by this argument, and instead sided with other cases indicating that sexual assault was not within the scope of employment. *Id*. at *3-4. *See also Aleman v. McDonald's Corp.*, No. 20-cv-6925, 2021 WL 3418857, at *6 (N.D. Ill. Aug. 5, 2021)(noting that "[s]exual harassment and assault are not within the scope of employment."); *Budzyn v. KFC Corp.*, No. 21 C 4152, 2022 WL 952746, at *4 (N.D. Ill. Mar. 30, 2022).

Here, despite the *Powell* opinion above, the Court cannot be certain that the Illinois Supreme Court would conclude that sexual assault can never be within the scope of employment. The Court is likewise mindful of the Seventh Circuit's admonition to avoid "jump[ing] the gun and decid[ing] indemnity before liability . . . ." *Doe*, 360 F.3d at 672. Furthermore, the case is at the pleadings stage and a complete factual record has not yet been developed. For the Court to rule as a matter of law in favor of Franklin County, it must conclude from the evidence that no reasonable person could conclude that an employee was acting within the course of employment. *See Doe v. Clavijo*, 72 F. Supp.3d 910, 914 (N.D. Ill. 2014)(citing *Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 992-993 (Ill. 2007).

The Court, however, cannot come to such a conclusion based on the facts as alleged in the First Amended Compliant, which the Court must take as true. The Plaintiff alleged that she was detained at the Franklin County Jail on a pending criminal matter. (Doc. 39, ¶ 18). Plaintiff was then scheduled to be transported to another correctional facility, *i.e.*, the Williamson County Jail. *Id.* at ¶ 19. The Plaintiff was loaded into the vehicle for transport, and she was handcuffed and shackled. *Id.* at ¶ 21. Defendant Shaffer was responsible for transporting the Plaintiff, and he was the only person in the vehicle. *Id.* at ¶ 22. Defendant Shaffer then drove to his home, committed the sexual assault against the Plaintiff at gunpoint, and instructed her not to tell anyone about the assault. *Id.* at ¶¶ 23-29. Defendant Shaffer then proceeded to transport the Plaintiff to the Williamson County Jail. *Id.* at ¶ 30. Clearly, the confinement of the Plaintiff and her transport from the jail are undoubtedly within the scope of employment. Additionally, the Plaintiff's confinement and her transport contributed to Defendant Shaffer's ability to successfully carry out the sexual assault. There is currently a lack of clarity as to whether the Illinois Supreme Court will conclude that sexual assault committed by an on-duty law enforcement officer is never within the scope of employment. Given this uncertainty, the Court is unwilling to dispose of the indemnity issue as a matter of law at the pleadings stage.

CONCLUSION

Accordingly, the Court **DENIES** Defendant Franklin County's Motion to Dismiss Count VII of the Plaintiff's First Amended Complaint. (Doc. 65).

**IT IS SO ORDERED.**

**DATED:  September 23, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.09.23 11:08:17 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**